JUDG-hl BTÜIiJüÍ'ÍI
DELIVERED THE OPÍ2UON OF THE COURT:
By an act approved March 10, 1856, it was provided that, “The judge of the city court of Louisville shall receive an annual salaiy of $2,000, payable out of the treasury of this commonwealth, quarterly. And in consideration of the fines and forfeitures recovered in favor of the commonwealth, in said court, granted to the city of Louisville, it shall be the duty of said city, on the 1st day of December next, and on the 1st day of December in each succeeding year, to pay into the treasury of this commonwealth the like sum of $2,000. (Sess. acts, 1855, vol. 1, page 114.)
In March, 1862, the Attorney General filed in the Franklin circuit court this memorandum of the Auditor of Public Accounts:
“ Frankfort, Feb., 26,1862.
City of Louisville,

In account with the Commonwealth of Kentucky, Dr.

To three years salary of city judge, from 1st December, 1858, to IsfDecember, 1861, per act of General Assembly, approved-10th March, 1856, $6,000.”
On the same day, without any summons of, or notice to, or appearance by the city, a judgment by default was rendered against it in favor of the commonwealth for $6,000, with in. terest and 20 per cent, damages, from which it appealed.
' The Code provides, that “all debts due to the Commonwealth of Kentucky are recoverable by motion in the Franklin circuit court.” (Sec. 485.)
Section 486 declares that, “ where the debt is due by a sheriff, clerk, or collector of the revenue, or any other receiver of public moneys, for money collected or received, and such officer, collector, or receiver has failed to pay the same, in the manner and at the time prescribed by law, the motion for the recovery of such debt may be made at the regular term of said court succeeding such failure, without any notice to such debtor or his sureties.”
Section 487 authorizes similar proceedings against officers, corporations, and officers of corporations, failing to report as required by law, where a fine or penalty is imposed for such failure.
*65 Section 488 declares that, “ in all other cases notice of such motion shall be served on the debtor, or person in default, ten days before the making thereof.”
By an act approved Dec. 21, 1861, sections 486 and 487 were amended so as to authorize the motions, therein mentioned, to be made at the first, or any subsequent term, without notice. (Public acts, regular session, 1861,page 43.)
Sec. 1, art. 12, chap. 83, of the Revised Statutes, need not be considered, having been superceded by the provisions of the Code.
The only question necessary to be considered is, whether section 486 of the Code, as amended by the act of 1861, authorized the rendition of judgment, in this case, without notice to the appellant. In our opinion it did not.
Assuming, as is conceded by appellant’s counsel in argument, that appellant is liable to the commonwealth for the said sum of $2,000 per annum, by virtue of the act of 1856, we are clearly of the opinion that the liability is not embraced by section 486 of the Code. That section applies only to agents of the commonwealth, collecting or receiving for it moneys to which it is entitled. The act of 1856 makes it the duty of the city to pay money to the commonwealth, not to collect money for the commonwealth. It authorizes the city to collect the fines and forfeitures, recovered in the city, court, for itself, not for the commonwealth. The liability of collectors and receivers of public moneys depends upon the sums which have or might have been collected ; that of the city is fixed at a certain sum, without reference to the amount of the fines and forfeitures which may be collected. Under the act of 1856, said fines and forfeitures are not “public moneys,” do not belong to the commonwealth, and are not collected for it, but belong to appellant, and appellant is not bound to pay the same, nor to account therefor to the commonwealth. The liability of the city is that of a debtor to the commonwealth, not that of a collector or receiver of public moneys ; and notice of the motion should have been given.
The judgment is reversed, and the cause remanded for further proceedings, not inconsistent herewith.